UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO LEON,<br><br>          Plaintiff,<br><br>          v.<br><br>KRISTI NOEM, et al.,<br><br>          Defendants. | Case No. ED CV 25-2582 FMO (RAOx)<br><br>**ORDER RE: APPLICATION FOR PRELIMINARY INJUNCTION [4]** |

      On September 30, 2025, Mauricio Leon ("plaintiff" or "petitioner") filed a Petition for Writ of Habeas Corpus (Dkt. 1, Petition) and Ex Parte Application for a Temporary Restraining Order. (Dkt. 4, Ex Parte Application ("TRO Application")). On October 10, 2025, the court issued an order granting petitioner's TRO Application and ordering respondents to "release forthwith petitioner from immigration detention[.]" (See Dkt. 9, Court's Order of October 10, 2025, at 8). The court additionally construed petitioner's TRO Application as an application for a preliminary injunction ("PI Application"), and ordered respondents to file any opposition to the PI Application by no later than October 13, 2025. (See id.). The court admonished respondents that "[f]ailure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the PI Application." (See id.). Respondents did not file any opposition to the PI Application. (See, generally, Dkt.); (see also Dkt. 10, Notification of Non-Opposition to Petitioner's Motion for

Preliminary Injunction). Accordingly, the court will grant petitioner's PI Application. See Local Rule 7-12.

In addition, it appears that the government has not complied with the court's TRO. When the court granted petitioner's TRO Application and ordered petitioner's forthwith release, the court did not impose any conditions whatsoever upon petitioner's release from respondents' custody. Moreover, the court did not contemplate or expect that any restrictive conditions would be imposed upon petitioner by respondents. However, the court has been advised that although petitioner was released on October 10, 2025, he was placed on an ankle bracelet and intensive supervision monitoring, and his property – namely, his Employment Authorization Document – was not returned to him. (See Dkt. 11, Second Supplemental Declaration of Stacy Tolchin ("Second Supp. Tolchin Decl.") at ¶¶ 4-5).

As noted, respondents did not file an opposition to petitioner's PI Application. As a result, respondents have not provided the court with any justification for their retention of petitioner's property or for the imposition of restrictive conditions of release pending removal proceedings on petitioner — who is not presently removable. (See Dkt. 11, Second Supp. Tolchin Decl., Exh. J at ECF 4) (reflecting petitioner's release documents, which purport that petitioner has "been arrested and placed in removal proceedings," and advise petitioner that he is "being released on [his] own recognizance provided [he] compl[ies] with the following conditions").

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's PI Application **(Document No. 4)** is **granted** as set forth below. Petitioner's TRO is hereby converted to a preliminary injunction which includes condition nos. two through four set forth below.

2. In connection with petitioner's ongoing release from immigration detention, as previously ordered by the Court's Order of October 10, 2025, all conditions on petitioner's release that require the use of an ankle-monitor, other body-worn GPS technology, or intensive supervision monitoring shall be **removed forthwith.**

3. Within **twenty-four (24) hours** of the filing date of this Order, respondents shall return Petitioner's Employment Authorization Document to his attorney.

4. Within **twenty-four (24) hours** of the filing date of this Order, respondents shall file a declaration confirming that the above-mentioned conditions on petitioner's release from immigration detention have been removed, and that his Employment Authorization Document has been returned to him.

5. Respondents are **ordered** to respond to petitioner's habeas petition (Dkt. 1) by no later than **October 20, 2025**. Failure to file a response by this deadline shall be deemed as consent to the granting of the petition.

6. Petitioner shall file a reply in support of his petition by no later than **October 23, 2025**.

Dated this 17th day of October, 2025.

                                                  /s/
                                 Fernando M. Olguin
                              United States District Judge